


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY PAULUS, | CASE NO. CV F 07-655 LJO WMW |
| Plaintiff, | **ORDER ON COUNTER-DEFENDANT'S F.R.Civ.P. 12 ALTERNATIVE MOTIONS** |
| vs. | (Doc. 9.) |
| PACIFIC SANDS, INC, | |
| Defendant._____/ | |
| AND COUNTER-ACTION_____/ | |

**INTRODUCTION**

Plaintiff and counter-defendant Stanley Paulus ("Mr. Paulus") seeks to dismiss or strike defendant and counter-claimant Pacific Sands, Inc.'s ("Pacific Sands'") breach of fiduciary duty, negligence and fraud claims on grounds that they are time barred or are not pled with required specificity. Mr. Paulus further seeks to dismiss or strike Pacific Sands' accounting claim as seeking unavailable equitable relief. Mr. Paulus pursues an alternative motion for a more definite statement to require Pacific Sands to replead its claims with greater particularity. Pacific Sands contends that its claims, on their face, are not time barred and satisfy liberal pleading requirements and that Pacific Sands has properly pleaded delayed discovery of its claims. This Court considered Mr. Paulus' motions to dismiss, to strike and for a more definite statement on the record, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DENIES Mr. Paulus' requested relief, except insofar as to

1 ORDER Pacific Sands to file an amended counter-claim to plead delayed discovery as to Pacific Sands'
2 (first) breach of fiduciary duty and (second) negligence causes of action with greater specificity, in
3 particular, as to: (1) when Pacific Sands discovered Mr. Paulus' alleged wrongs; and (2) Pacific Sands'
4 reasonable diligence and absence of fault and inability to earlier discover Mr. Paulus' wrongs despite
5 its reasonable diligence.

## BACKGROUND

### The Parties

Pacific Sands is a Nevada corporation which manufactures and sells products for cleaning, pet care and pool and spa maintenance. From 1997 to his June 17, 2004 resignation, Mr. Paulus served as Pacific Sands' president, chief operating officer, secretary and board chairman. Mr. Paulus served as a member of the Pacific Sands' board of directors until November 2004.

### Mr. Paulus' Claims

By a June 14, 2006 promissory note, Pacific Sands agreed to pay Mr. Paulus $105,000 by monthly payments during October 2006 to January 2007. On May 1, 2007, Mr. Paulus filed this action to allege that Pacific Sands breached its promissory note obligations and owes Mr. Paulus the $105,000 principal and late payment penalties.

### Pacific Sands' Claims

On June 7, 2007, Pacific Sands filed its counter-claim against Mr. Paulus to allege (first) breach of fiduciary duty and (second) negligence causes of action that Mr. Paulus, among other things, misused his corporate positions to harm Pacific Sands. The counter-claim alleges (third) negligent misrepresentation, (fourth) intentional misrepresentation, and (fifth) fraudulent non-disclosure causes of action (collectively "fraud causes of action") that Mr. Paulus misrepresented and concealed Pacific Sands' financial condition to induce Pacific Sands to execute the $105,000 promissory note to Mr. Paulus. The counter-claim alleges a (sixth) accounting cause of action that Mr. Paulus failed to account for funds which he received from Pacific Sands as an officer and director.

As discussed below, Mr. Paulus seeks to dismiss or strike Pacific Sands' breach of fiduciary duty, negligence and fraud causes of action on grounds that they are time barred and that the counter-claim fails to plead correctly Pacific Sands' delayed discovery of Mr. Paulus' alleged wrongs. Mr. Paulus

contends that each of Pacific Sands' causes of action contain conclusory allegations and lack specificity. According to Mr. Paulus, Pacific Sands' (sixth) accounting cause of action seeks an unavailable equitable remedy.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion Standards

The main thrust of Mr. Paulus' F.R.Civ.P. 12(b)(6) motion is that Pacific Sands' breach of fiduciary duty, negligence and fraud causes of action are time barred. A limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings's scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978). If the limitations defense is not apparent on the complaint's face and the motion to dismiss is not accompanied by acceptable affidavits, an appropriate summary judgment motion may be employed. *Jablon*, 614 F.2d at 682.

A F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his/her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). A motion to dismiss based on a limitations defense may be granted only if the complaint's assertions, read with required liberality, would not permit the plaintiff to prove that the statute was tolled. *Jablon*, 614 F.2d at 682.

Mr. Paulus further seeks dismissal of Pacific Sands' causes of action under F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*,

1  416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted by deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

### **F.R.Civ.P. 12(f) Motion To Strike Standards**

As an alternative to F.R.Civ.P. 12(b)(6) dismissal, Mr. Paulus appears to seek to strike Pacific Sands' causes of action. F.R.Civ.P. 12(f) empowers a court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994). Nonetheless, motions to strike are disfavored and infrequently granted. *Bassiri v. Xerox Corp.*, 292 F.Supp.2d 1212, 1220 (C.D. Cal. 2003).

An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *Fantasy, Inc.,* 984 F.2d at 1527; *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120, n. 5 (D. P.R. 1972); *Fleischer v. A.A.P., Inc.*, 180 F.Supp. 717 (D. Pa. 1958). An "impertinent" allegation is neither responsive nor relevant to the issues involved in the action and which could not be put in issue or given in evidence between the parties. *Gilbert*, 56 F.R.D. at 120, n. 6; *Burke v. Mesta Mach. Co.*, 5 F.R.D. 134 (D. Pa. 1946). An "impertinent" matter consists of statements that do not pertain and are unnecessary to the issues in question. *Fantasy, Inc.*, 984 F.2d at 1527. Matters may be stricken to reduce trial complication or if challenged allegations are so unrelated to plaintiff's claims to be unworthy of consideration as a defense and their presence in the pleading will prejudice the party seeking to strike matters. *Fantasy, Inc.*, 984 F.2d at 1527.

As to a F.R.Civ.P. 12(f) motion to strike, "leave to amend should be freely given so long as there is no prejudice to the opposing party." *Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1048-1049 (N.D. Cal. 2004).

**F.R.Civ.P. 12(e) Motion For More Definite Statement Standards**

Mr. Paulus further pursues an alternative motion for a more definite statement pursuant to F.R.Civ.P. 12(e), which provides in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

A motion for a more definite statement is proper if "defendant cannot frame a responsive pleading." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1981); *see Boxall v. Sequoia Union High School District*, 464 F.Supp. 1104, 1114 (N.D. Cal. 1979). A F.R.Civ.P. 12(e) motion is designed to strike unintelligibility rather than lack of detail. *See Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev. 1984); *Nelson v. Quimby Island Reclamation Dist.*, 491 F.Supp. 1364, 1385 (N.D. Cal. 1980). A F.R.Civ.P. 12(e) motion should be denied if the pleading provides a "short and plain statement" of the claim showing that the pleader is entitled to relief. *Virgen v. Mae*, 2007 WL 1521553, *2 (E.D. Cal. 2007) (citing F.R.Civ.P. 8(a)(2)).

With the above standards in mind, this Court turns to Mr. Paulus' challenges to Pacific Sands' counter-claim.

**Limitations Defense To Breach Of Fiduciary Duty And Negligence Causes Of Action**

Pacific Sands' counterclaim alleges that Mr. Paulus breached fiduciary duties and was negligent in that, among other things, Mr. Paulus inaccurately represented Pacific Sands financial condition, failed properly to lead and manage Pacific Sands, and engaged in self-dealing. To address delayed discovery of Mr. Paulus' wrongs, the counter-claims alleges:

> Although Pacific Sands exercised due diligence, the above acts/omissions of Paulus were not reasonably discovered until after September 2004, when Pacific Sands received a letter from the SEC [Securities and Exchange Commission] informing it of filing improprieties. This cause [sic] Pacific Sands to look further into the management and leadership provided by Paulus to the corporation. This investigation showed that Paulus had been [breaching fiduciary duties or negligent].

The parties agree that Pacific Sands' (first) breach of fiduciary duty cause of action is subject to the four-year limitations period of California Code of Civil Procedure section 343. *See Di Grazia v. Anderlini*, 22 Cal.App.4th 1337, 1349, 28 Cal.Rptr.2d 37 (1994). The parties further agree that Pacific Sands' (second) negligence cause of action is subject to the two-year limitations period of California Code of Civil Procedure section 339.1. *See Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal.3d 176, 182, 98 Cal.Rptr. 837 (1971) (California Code of Civil Procedure section 339.1 governs claim for negligent injury to intangible property interests).

Mr. Paulus argues that Pacific Sands' counter-claim fails to plead correctly delayed discovery because it lacks facts of inability to earlier discover Mr. Paulus' wrongs despite Pacific Sands' reasonable diligence and "continual access to its own corporate records and documents." Even considering delayed discovery, Mr. Paulus argues that the (second) negligence cause of action is barred because Pacific Sands filed its counter-claim on June 7, 2007, more than two years after its alleged delayed discovery. Pacific Sands responds that it correctly pled delayed discovery in that "it is highly probable that the numerous improprieties, or at least some of them, occurred within the limitations period."

Under the statute of limitations, a plaintiff must bring a cause of action within the limitations period applicable thereto after accrual of the cause of action. *Nogart v. Upjohn Co.*, 21 Cal.4th 383, 397, 87 Cal.Rptr.2d 453 (1999). The general rule for defining the accrual of a cause of action sets the date as the time when, under the substantive law, the wrongful act is done or the wrongful result occurs, and

the consequent liability arises. *Nogart*, 21 Cal.4th at 398, 87 Cal.Rptr.2d 453. An exception to the general rule for defining the accrual of a cause of action is the discovery rule, which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. *Nogart*, 21 Cal.4th at 398, 87 Cal.Rptr.2d 453. "The period of limitations, therefore, will begin to run when the plaintiff has a 'suspicion of wrongdoing'; in other words, when he or she has notice of information or circumstances to put a reasonable person on inquiry." *Brandon G. v. Gray*, 111 Cal.App.4th 29, 34, 3 Cal.Rptr.3d 330 (2003). Delayed accrual of a cause of action is particularly appropriate where the relationship between the parties is one of special trust such as involving a fiduciary. *Moreno v. Sanchez*, 106 Cal.App.4th 1415, 1424, 131 Cal.Rptr.2d 684 (2003).

To rely on the discovery rule for delayed accrual of a cause of action, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808, 27 Cal.Rptr.3d 661 (2005) (quoting *McKelvey v. Boeing North American, Inc.,* 74 Cal.App.4th 151, 160, 86 Cal.Rptr.2d 645 (1999)). "[T]o adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." *Fox*, 35 Cal.4th at 809, 27 Cal.Rptr.2d 661.

The doctrine of delayed discovery requires a plaintiff to plead facts showing an excuse for late discovery of the facts underlying his cause of action. *Prudential Home Mortgage Co. v. Superior Court*, 66 Cal.App.4th 1236, 1247, 78 Cal.Rptr.2d 566 (1998). The plaintiff must show that it was not at fault for failing to discover or had no actual or presumptive knowledge of facts sufficient to put it on inquiry. *Prudential Home*, 66 Cal.App.4th at 1247, 78 Cal.Rptr.2d 566. As to sufficiency of delayed discovery allegations, plaintiff bears the burden to "show diligence" and "conclusory allegations' will not withstand dismissal. *Fox*, 35 Cal.4th 797, 808, 27 Cal.Rptr.2d 661.

Mr. Paulus contends that Pacific Sands' delayed discovery claim fails in that "any shareholder has a right to inspect corporate records, and such corporate records provide constructive notice to those who have access and a duty of inquiry." Mr. Paulus points to California Corporations Code section

1601(a), which provides in pertinent part: "The accounting books and records and minutes of proceedings of the shareholders and the board and committees of the board of any domestic corporation . . . shall be open to inspection upon the written demand on the corporation of any shareholder . . . at any reasonable time during usual business hours, for a purpose reasonably related to such holder's interests as a shareholder . . ." Mr. Paulus argues that the counter-claim fails to plead specifically why Mr. Paulus' alleged wrongs as far as 1997 were not discovered until September 2004 when the SEC sent a letter to Pacific Sands regarding filing improprieties. Mr. Paulus faults the counter-claim for failing to allege when Pacific Sands discovered Mr. Paulus' alleged wrongs.

Pacific Sands responds that it properly pleads that Mr. Paulus' wrongs were not reasonably discovered until after September 2004, when it received the SEC letter and investigated improprieties reflected in the letter. Pacific Sands claims that until it received the SEC letter, it lacked inquiry notice of or "cause" to suspect wrongdoing of Mr. Paulus, a Pacific Sands' director, officer and corporate fiduciary. Pacific Sands further claims that prior to the letter, it was unaware of injury and lacked suspicion of wrongdoing or notice of circumstances to put a reasonable person on inquiry notice. Pacific Sands concludes that when a plaintiff suspects injury, the plaintiff must conduct a reasonable investigation and plead that if the investigation fails to produce facts to support a claim, the plaintiff "could not have reasonably discovered those facts through the investigation."

As for its delayed discovery, Pacific Sands relies on a cursory allegation that despite diligence, Pacific Sands did not discover Mr. Paulus' alleged wrongs until September 2004 receipt of the SEC letter to trigger Pacific Sands to "look further." From Pacific Sands' perspective, the SEC letter was its trigger point to suspect Mr. Paulus' wrongdoing. Although the SEC letter may address, in part, the time and manner of Pacific Sands' discovery, Pacific Sands' reliance on Mr. Paulus as a fiduciary is overbroad to excuse in total its inability to make an earlier discovery despite reasonable diligence. Mr. Paulus' fiduciary position alone does not excuse earlier discovery or diligent efforts. Of particular concern is the running of the two-years' negligence limitations period, especially given Pacific Sands' claim that "its investigation was completed sometime *after* September 2004." (Italics in original.) The counterclaim lacks sufficient allegations of Pacific Sands' reasonable diligence or inability to discover wrongs to excuse its filing no later than September 2006, two years from the SEC letter.

1    Mr. Paulus points to a California statute granting shareholders access to corporate records but fails to substantiate how such access would have earlier revealed Mr. Paulus' alleged wrongs, especially those not disclosed in corporate records. Pacific Sands correctly notes the absence of authority that shareholder access to records constitutes constructive notice or triggers inquiry. Nonetheless, Mr. Paulus raises a valid point that if he concealed alleged wrongs, "Pacific Sands should be required to provide a more definite statement as to where these records were eventually located and why it could not locate them or discover certain actions before September 2004."

Rather than dismiss Pacific Sands' (first) breach of fiduciary duty and (second) negligence causes of action as time barred, this Court GRANTS Pacific Sands leave to amend to attempt to satisfy delayed discovery requirements, in particular, a detailed pleading of: (1) when Pacific Sands discovered Mr. Paulus' alleged wrongs; and (2) Pacific Sands' reasonable diligence and absence of fault and inability to earlier discover Mr. Paulus' wrongs despite its reasonable diligence.

### Breach Of Fiduciary Duty And Negligence Conclusory Allegations

Mr. Paulus contends that Pacific Sands' (first) breach of fiduciary duty and (second) negligence causes of action lack sufficient particularity. Mr. Paulus points to F.R.Civ.P. 9(b) which requires that as to "averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Mr. Paulus asserts that the (first) breach of fiduciary duty cause of action alleges his "intentional or purposeful conduct" to render it "grounded in fraud" to invoke F.R.Civ.P. 9(b)'s heightened pleading standard. Pacific Sands responds that the breach of fiduciary duty cause of action "is not entirely, or even predominantly, grounded in fraud."

A court may dismiss a claim grounded in fraud when its allegations fail to satisfy F.R.Civ.P. 9(b) heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim. As a counter-balance, F.R.Civ.P. 8(a)(2) requires from a pleading "a short and plain statement of the claim showing that the pleader is entitled to relief."

Mr. Paulus challenges the counter-claim's 13 alleged breaches of fiduciary duties and duties of

///

9

care[1] as lacking particularity and constituting conclusory allegations. The (first) breach of fiduciary duty and (second) negligence causes of action allege that Mr. Paulus inaccurately represented in SEC filing Pacific Sands' value and Mr. Paulus' compensation. Mr. Paulus contends that the allegations are "mere conclusions" in that they fail to provide "the actual value of Pacific Sands or Paulus' compensation," "the values allegedly misrepresented by Paulus to the SEC," and Pacific Sands' damages.

The (first) breach of fiduciary duty and (second) negligence causes of action allege that Mr. Paulus hired an unaccredited auditor whom Mr. Paulus paid with Pacific Sands' stock. Mr. Paulus faults the allegations' failure to identify the unaccredited auditor, when the auditor was hired, the quantity of stock paid, and Pacific Sands' damages.

The (first) breach of fiduciary duty and (second) negligence causes of action allege that Mr. Paulus improperly: (a) issued Pacific Sands stock to himself and his wife for greater than estimated fair market value; (b) obtained a bonus; and (c) issued shares at par to "entities and/or persons" and which were granted back to Mr. Paulus. Mr. Paulus faults the allegations' failure to identify dates of issuance of the compensation, purchase price for shares compared to estimated fair market value, and Pacific Sands' damages.

The (first) breach of fiduciary duty and (second) negligence causes of action allege that Mr. Paulus failed to appropriately manage and lead Pacific Sands and to collect corporate accounts receivable. Mr. Paulus faults the allegations' omission of facts and dates of Mr. Paulus' failures, amounts of uncollected accounts receivable, and Pacific Sands' damages.

The (first) breach of fiduciary duty and (second) negligence causes of action allege that Mr. Paulus improperly used Pacific Sands' property to benefit Paulus Construction, misused Pacific Sands' stock, and engaged in self-dealing to purchase "technical books" for himself. Mr. Paulus faults the allegations' failure to identify Pacific Sands' property used to benefit Paulus Construction and dates of such use, technical books purchased, quantity of stock used for the purchases, and Pacific Sands' damages.

Mr. Paulus offers no pertinent authority to equate Pacific Sands' breach of fiduciary duty

---

[1] The (first) breach of fiduciary duty and (second) negligence causes of action identify 13 identical wrongs as breaches of fiduciary duties and duties of care.

1  allegations as "grounded in fraud" to invoke F.R.Civ.P. 9(b)'s heightened pleading requirements. As
2  noted by Pacific Sands, Mr. Paulus' alleged breaches are not, in their entirety, grounded in fraud. When
3  "fraud is not an essential element of a claim, only allegations ('averments') of fraudulent conduct must
4  satisfy the heightened pleading requirements of Rule 9(b). Allegations of non-fraudulent conduct need
5  satisfy only the ordinary notice pleading standards of Rule 8(a)." *Vess*, 317 F.3d at 1105 (alleging illegal
6  increased sales of Ritalin to violate the California Consumers Legal Remedies Act and California unfair
7  business practice laws). "To require that non-fraud allegations be stated with particularity merely
8  because they appear in a complaint alongside fraud averments . . . would impose a burden on plaintiffs
9  not contemplated by the notice pleading requirements of Rule 8(a)." *Vess*, 317 F.3d at 1104. Mr. Paulus
10 fails to demonstrate that fraud is "an essential element" of the breach of fiduciary duty wrongs.
11 Although such wrongs may be in the neighborhood of fraud, they are not cloaked sufficiently with fraud
12 to impose heightened pleading requirements.

13 A "plaintiff must at least set forth enough details so as to provide defendant and the court with
14 a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed
15 Placement Corp. v. Control Data Corp.,* 908 F.2d 462, 466 (9th Cir.1990). F.R.Civ.P. 8(a)(2)'s
16 "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions
17 to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.
18 A.*, 534 U.S. 506, 512, 122 S.Ct. 992 (2002). The elements of the (first) breach of fiduciary duty and
19 (second) negligence causes of action are pled with sufficient particularity. These causes of action set
20 forth enough details to provide Mr. Paulus sufficient basis to conduct discovery to learn the details of
21 the causes of action and the information he questions.

22 **<u>Limitations Defense To Fraud Causes Of Action</u>**

23 Pacific Sands' counter-claim alleges fraud causes of action that Mr. Paulus misrepresented to
24 Pacific Sands and the public Pacific Sands' financial condition and concealed Pacific Sands' accurate
25 financial condition to induce Pacific Sands to execute the $105,000 promissory note payable to Mr.
26 Paulus. The parties agree that the fraud causes of action are subject to by the three-year limitations
27 period of California Code of Civil Procedure section 338(d).

28 Mr. Paulus contends that the counter-claim fails to plead correctly delayed discovery due to its

absence of facts of Pacific Sands' inability to discover Mr. Paulus' fraud despite diligence and access to corporate records and documents, which shareholders were entitled to inspect. Mr. Paulus faults Pacific Sands' failure to plead specifically "why the alleged acts and omissions of Paulus were not discovered until after September of 2004, when the SEC sent a letter to Pacific Sands regarding filing improprieties." According to Mr. Paulus, Pacific Sands must state facts of an obstacle to prevent Pacific Sands to obtain corporate documents to demonstrate Mr. Paulus' wrongs. Mr. Paulus argues that Pacific Sands' June 2006 execution of the promissory note to Mr. Paulus vitiates its allegation that it first discovered Mr. Paulus' fraud in 2004 in absence of explanation why it agreed to pay Mr. Paulus $105,000 although it was aware of his alleged fraud.

Pacific Sands again relies on September 2004 receipt of the SEC letter and subsequent investigation to learn of Mr. Paulus' alleged fraud and in turn to delay the three-year limitations period for its fraud causes of action. Pacific Sands claims that prior to receipt of the SEC letter, it had no reason to suspect Mr. Paulus wrongdoing or alleged injury.

Unlike the (first) breach of fiduciary duty and (second) negligence cause of actions, the fraud causes of action lack specific delayed discovery allegations. Pacific Sands does not appear to argue that delayed discovery allegations are incorporated by reference into the fraud causes of action. Apparently, Pacific Sands contends that its fraud causes of action, on their face, are timely asserted. Pacific Sands points out that California Code of Civil Procedure section 338(d) effectively codifies delayed discovery by providing that a fraud cause of action "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud."

A fair reading of the fraud causes of action is that they culminated with Pacific Sands' June 14, 2006 execution of the promissory note to Mr. Paulus. As such, the fraud causes of action were asserted within three years of such date to avoid application of delayed discovery. Mr. Paulus fails to demonstrate that Pacific Sands fraud cases of action are time barred.

**Conclusory Fraud Allegations**

Mr. Paulus contends that the fraud causes of action fail to satisfy F.R.Civ.P. 9(b)'s heightened pleading standard. Mr. Paulus' faults the fraud causes of action's absence of facts of Mr. Paulus' representation or concealment of Pacific Sands' financial condition or actual financial condition and

1  Pacific Sands' damages.  Mr. Paulus contends that the fraud causes of action lack sufficient specificity
2  as to when Mr. Paulus made misrepresentations and concealed financial information.  Mr. Paulus
3  questions Pacific Sands' reliance on Mr. Paulus' alleged misrepresentations given that Pacific Sands'
4  executed the $105,000 promissory note to Mr. Paulus two years after learning of Mr. Paulus' alleged
5  fraud.

6        Pacific Sands defends its fraud causes of action as pled with particularity.  Pacific Sands notes
7  that it alleges that:

8      1.    Mr. Paulus had a duty to disclose accurately Pacific Sands' financial condition;

9      2.    Prior to his resignation, Mr. Paulus represented, through quarterly statements and annual
10         SEC filings, the strength of Pacific Sands' financial condition;

11     3.    Pacific Sands' financial condition was worse than represented;

12     4.    Mr. Paulus intentionally and falsely represented Pacific Sands' accurate financial
13         condition and such misrepresentations were made in SEC filings;

14     5.    Mr. Paulus knew his misrepresentations were untrue;

15     6.    Mr. Paulus made misrepresentations to induce Pacific Sands to execute the promissory
16         note payable to Mr. Paulus;

17     7.    Because of its fiduciary relationship with Mr. Paulus, Pacific Sands was justified to rely
18         on Mr. Paulus' representations;

19     8.    Pacific Sands was unaware of its true financial condition;

20     9.    Mr. Paulus did not inform Pacific Sands of its true and accurate financial condition when
21         Mr. Paulus requested the promissory note; and

22     10.   Had Pacific Sands known the true facts and circumstances of its financial condition, it
23         would not have allowed Mr. Paulus to manage its affairs and would not have executed
24         the promissory note.

25       F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's
26 requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of
27 unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  "A pleading 'is
28 sufficient under Rule 9(b) if it identifies 'the circumstances constituting fraud so that the defendant can

prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996).

"Where fraud allegedly occurred over a period of time, however, Rule 9(b)'s requirement that the circumstances of fraud to be stated with particularity are less stringently applied." *U.S. v. Hempfling*, 431 F.Supp.2d 1069, 1075 (E.D.Cal. 2006).

Pacific Sands' fraud allegations are simple. The allegations' gist is that Mr. Paulus misrepresented and failed to disclose Pacific Sands' financial condition in SEC filings to induce Pacific Sands to execute the promissory note for Mr. Paulus. The fraud causes of action allege the limited circumstances constituting fraud. Pacific Sands points to the SEC filings as the time and place of fraud. Requiring Pacific Sands to plead the contents of the filings appears to serve no purpose when it will be required to disclose as much in its F.R.Civ.P. 26(a)(1) initial disclosures and discovery responses. Pacific Sands has sufficiently identified misrepresentations and concealed information to permit Mr. Paulus to prepare an adequate answer. Mr. Paulus has failed to demonstrate that the fraud causes of action lack requisite particularity.

## Accounting

Pacific Sands' counter-claim alleges a (sixth) accounting cause of action that Mr. Paulus "has failed to account for funds he received while an officer and director of Pacific Sands." Pacific Sands

seeks an accounting from Mr. Paulus to "justify the payments made to him during the time that he owed a fiduciary duty to Pacific Sands."

Mr. Paulus faults the (sixth) accounting cause of action's absence of dates when Mr. Paulus failed to account for his compensation and alleged damages from Mr. Paulus' failure to account. Mr. Paulus argues that the equitable remedy of accounting is unavailable given that Pacific Sands "has not shown recovery of an amount that is unliquidated, unascertained, or that the legal remedies are inadequate."

Pacific Sands responds that dates when Mr. Paulus failed to account for his compensation will be derived through discovery. Pacific Sands argues that Mr. Paulus demands too much detail at this early pleading stage. Pacific Sands contends that it requires an accounting to ascertain its unliquidated damages from Mr. Paulus' lack of accounting of Mr. Paulus' compensation.

If an action is for an amount which is unliquidated and unascertained and which cannot be determined without an accounting, it is a suit in equity. *St. James Church of Christ Holiness v. Superior Court*, 135 Cal.App.2d 352, 359, 287 P.2d 387 (1955); *Kritzer v. Lancaster*, 96 Cal.App.2d 1, 6, 214 P.2d 407 (1950); *Vail v. Pacific Fish Products Co.*, 76 Cal.App. 58, 78, 243 P. 869 (1925). A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. *St. James Church of Christ Holiness*, 135 Cal.App.2d at 359, 287 P.2d 387; *Faivre v. Daley*, 93 Cal. 664, 673, 29 P. 256 (1892).

At this stage, this Court is not in a position to determine there is no need for Mr. Paulus' accounting. Mr. Paulus fails to demonstrate that Pacific Sands is not entitled to an accounting and that in turn Pacific Sands' (sixth) accounting cause of action is not viable.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Mr. Paulus' requested relief, except insofar as to ORDER Pacific Sands, no later than September 19, 2007, to file its amended counter-claim to PLEAD delayed discovery as to Pacific Sands' (first) breach of fiduciary duty and (second) negligence causes of action with greater specificity, in particular, as to: (1) when Pacific Sands discovered Mr. Paulus' alleged wrongs; and (2) Pacific Sands' reasonable diligence and absence of fault and inability

///

1  to earlier discover Mr. Paulus' wrongs despite its reasonable diligence.
2      IT IS SO ORDERED.
3  **Dated:**   August 29, 2007                        /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE